**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Glafiro DE LA CRUZ, Defendant–**
**Appellant.**

**No. 04–40563.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided July 13, 2005.

---

James Lee Turner, Assistant U.S. Attorney, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A Meyers, Federal Public Defender, David Castillo, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

This court affirmed the judgment of conviction and sentence of Glafiro De La Cruz. *United States v. De La Cruz,* 115 Fed.Appx. 733 (5th Cir.2004)(unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Muniz–Tapia v. United States,* —— U.S. ——, 125 S.Ct. 1960, 161 L.Ed.2d 770 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker.*

De La Cruz argues that he is entitled to resentencing because the district court sentenced him under a mandatory application of the United States Sentencing Guidelines prohibited by *Booker.* This court will not consider a *Booker*-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. *United States v. Taylor,* 409 F.3d 675, 676–77 (5th Cir.2005). De La Cruz identifies "no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." *Id.* (citing *United States v. Hernandez–Gonzalez,* 405 F.3d 260, 261 (5th Cir.2005)); *United States v. Mares,* 402 F.3d 511, 521–22 (5th Cir.2005), *petition for cert. filed* (U.S. Mar. 31, 2005)(No. 04–9517).

De La Cruz concedes that he cannot make the necessary showing of plain error that is required by our precedent. He also correctly acknowledges that this court has rejected the argument that a *Booker* error is a structural error or that such error is presumed to be prejudicial. *See Mares,*

402 F.3d at 520–22; *see also United States v. Malveaux,* 411 F.3d 558, 560–61 n. 9 (5th Cir.2005). Because De La Cruz has not demonstrated plain error, "it is obvious that the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." *See Taylor,* 409 F.3d at 676–77.

Because nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming De La Cruz's conviction and sentence.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.